Albert Hallen, Indianapolis, Ind., and Jesse K. Brumbaugh, Greenville, for plaintiff in error.

Billingsley & Manix, Greenville, for defendant in error.

## HOPKINS-WEST FURNITURE CO, INC v CURTNER

Ohio Appeals, 2nd Dist, Darke Co

No 502. Decided May 26, 1936

## OPINION

By BARNES, PJ.

The petition in error sets out seven specifications of error. However, in the brief of counsel for plaintiff in error only two grounds are stressed, as follows:

1. That the court erred in rejecting testimony offered by defendant.
2. That the plaintiff was guilty of contributory negligence.

On the 1st day of March, 1935, at the hour of three o'clock P. M., plaintiff was driving a team of mules, hitched to a flat top riggin wagon, in a northwesterly direction on the public highway designated as

State Route 51, commonly known as the Greenville-Dayton road.

Defendant's truck, loaded with furniture, was being driven by an employee of defendant in the opposite direction.

The plaintiff further claims that the defendant was negligent in several particulars, among which was the claim that a tarpaulin canvas covering the furniture became loose or unfastened and was flopping so that it flopped over on to the left hand side of the road, striking one of the mules then being driven on the right side of the road, causing the team to become frightened and run away. Plaintiff was thrown from the wagon, one of the wheels of which ran over his leg, producing a compound comminuted fracture of both bones of the lower portion of his leg.

The answer of defendant, after making certain admissions, denied all acts of negligence on its part.

Evidence was presented both by plaintiff and defendant supporting their respective views as to how the accident occurred.

During the introduction of testimony, defendant offered the testimony of the operator of a gasoline station located some short distance from the scene of the accident. The driver of the defendant's truck and his assistant had previously testified that after leaving the scene of the accident they drove to this filling station, only a short distance away.

They also testified that immediately following the accident they examined the tarpaulin covering their furniture and that same was securely tied down and in place.

Through the interrogation of the gasoline station operator it was sought to show that he examined the tarpaulin when they arrived at his station and that the same was properly tied down and fastened with ropes. This was excluded by the trial court on the ground that it was too remote. Counsel for plaintiff in error urge that this ruling of the court was prejudicially erroneous.

Three Ohio cases are cited in support of the contention of counsel for plaintiff in error. We do not think any of the cases is in point.

It is true that under some situations testimony is admissible as to the conditions of the vehicles or instrumentalities involved in an accident, even though observation or examination is made sometime after. This rule, however, would not apply under the facts of the instant case. The evidence presented by plaintiff and defendant are in direct conflict as to whether or not the tarpaulin was loose and flopping in the air. If the rope fastening had become untied and permitted the tarpaulin in its loosened condition to flop in the air, it was a situation readily discernible by the driver of the motor truck and could have been quickly and readily corrected. The witnesses on one side or the other were unquestionably mistaken in their statements.

The jury saw fit to accept the testimony presented by the plaintiff.

Following this finding they must necessarily have concluded that the testimony of the driver of the truck and his assistant was not correct when they said that it was not loose but was at all times tied down.

The proffered testimony of the gasoline station operator could throw no light on this controverted question. All he could testify to would be as to the condition when they drove into his filling station. We do not think the court was in error in his ruling on this proffered testimony.

On the question of contributory negligence we note that no claim of contributory negligence was raised in defendant's answer.

However, the rule is well recognized that the issue may be raised through the evidence.

Examining the evidence in its entirety, we think it is wholly a factual question to be determined by the jury. The cited case of **Pennsylvania Railroad Company v Moses, 125 Oh St, 621,** has no application. The Moses case was a railroad crossing case, and its facts have nothing in common with the instant case.

The entire issue of negligence and contributory negligence' was very fully and properly presented to the jury in the court's charge.

We find no prejudicial error in the record. The judgment of the trial court will be affirmed and costs taxed against plaintiff in error.

Exceptions will be allowed.

HORNBECK and BODEY, JJ, concur.